# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JAMES D. KIDD,**
**Claimant Below, Petitioner**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1010** (BOR Appeal No. 2052919)
                    (Claim No. 2008005336)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James D. Kidd, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by Counsel Henry C. Bowen, filed a timely response.

The issue on appeal is whether Mr. Kidd is entitled to an additional permanent partial disability award in the claim. The claims administrator granted no additional permanent partial disability award on May 1, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claim's administrator's decision on May 15, 2018. This appeal arises from the Board of Review's Order dated October 19, 2018, in which the Board of Review affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Kidd was employed as a fire boss at Eastern Associated Coal Corporation's Harris #1 mine.[1] He completed an Employees' and Physicians' Report of Occupational Injury or Disease on July 11, 2007, which alleged an injury to his upper and lower back during the course of his employment. The nature and body part injured was described as a hyperextension injury to his low back. Lumbar and thoracic x-rays were taken on July 17, 2007, at Princeton Community Hospital. The radiology report indicated findings of:

"[n]o acute fracture or subluxation. Mild degenerative changes of the lumbar region, particularly the upper and mid portion with anterior osteophytic formation with suggestion of mild narrowing of the L2-L3 disc space posteriorly. Lower lumbar articular facet hypertrophic changes. Impression: Moderate degenerative changes."

Throacic x-rays showed:

"[t]he thoracic vertebral bodies show a normal configuration and alignment. Minimal dextroscoliosis of the upper thoracic spine. Impression: Minimal dextroscoliosis. Otherwise, normal thoracic spine."

By Order dated August 24, 2007, the no-lost-time claim was approved. The compensable condition covered was lumbar strain. The thoracic spine was added as a compensable component on January 14, 2009.

On November 9, 2012, Mr. Kidd was examined by Prasadarao B. Mukkamala, M.D., for an independent medical evaluation. After reviewing past medical records and examining Mr. Kidd's thoracic and lumbar spine, Dr. Mukkamala concluded that he had reached maximum medical improvement. Dr. Mukkamala found no impairment to the thoracic spine. He placed Mr. Kidd into Thoracic Category I from the West Virginia Code of State Rules § 85-20-1E (2006), with an impairment rating of 0%. With regard to the lumbar spine, Dr. Mukkamala concluded that Mr. Kidd had 12% whole person impairment. He placed Mr. Kidd into Lumbar Category II of West Virginia Code of State Rules § 85-20-C, and suggested 8% whole person impairment. Because Mr. Kidd had previously received a 5% permanent partial disability award for a prior low back injury, Dr. Mukkamala modified his final recommendation to be 3% whole person impairment.

By Order dated January 10, 2013, Mr. Kidd was granted a 0% permanent partial disability award for the thoracic spine based on Dr. Mukkamala's recommendation. Mr. Kidd protested the claims administrator's decision. In support of his protest he submitted the report of Bruce A. Guberman, M.D., who performed an independent medical evaluation of Mr. Kidd on May 28,

---

[1] Eastern Associated Coal Corp. was an authorized self-insured employer under the former Patriot Coal Corporation, the latter not emerging from its 2015 federal bankruptcy. Responsibility for this claim was statutorily assigned to the West Virginia Insurance Commissioner as administrator for the Self-Insured Employer Security and Guaranty Risk Pools defined in West Virginia Code § 23-2C-2(p) & (q) and as created by West Virginia Code § 23-2C-6 (2019).

2013. Dr. Guberman concurred with Dr. Mukkamala that Mr. Kidd had reached his maximum degree of medical improvement. However, he disagreed with Dr. Mukkamala's finding of 12% impairment for the lumbar spine. Dr. Guberman's range of motion findings suggested that Mr. Kidd has 13% impairment due to his lumbar spine. Mr. Kidd was placed into Lumbar Category II with 8% impairment. With regard to the thoracic spine, Dr. Guberman placed Mr. Kidd into Thoracic Category II with 5% impairment. Dr. Guberman made a recommendation of 2% impairment for Mr. Kidd's right shoulder, which had not been included as a compensable condition. In a supplemental report dated November 5, 2013, Dr. Guberman acknowledged that the right shoulder was not compensable under the claim. He also acknowledged that Mr. Kidd had received a prior 4% permanent partial disability award for his back injury.

By Order dated July 16, 2014, the Office of Judges modified a prior July 11, 2013, decision by the claims administrator, and awarded Mr. Kidd 5% permanent partial disability for the thoracic spine and an additional 4% permanent partial disability for his lumbar spine. The Board of Review affirmed the modification made by the Office of Judges in a decision dated December 19, 2014.

Mr. Kidd was examined by Robert B. Walker, M.D., for an independent medical evaluation in support of his attempt to reopen his claim for the consideration of an additional permanent partial disability award. In his report dated September 29, 2016, Dr. Walker indicated that Mr. Kidd was properly placed into Lumbar Category II for 8% impairment. In regard to the thoracic spine, Dr. Walker utilized the range of motion model of the American Medical Association, *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993), and placed Mr. Kidd into Thoracic Category II with a finding of 5% whole person impairment.

The claim was subsequently reopened and Mr. Kidd was referred to Marsha Lee Bailey, M.D., for an independent medical evaluation. In a report dated April 11, 2017, Dr. Bailey reported that Mr. Kidd showed a significant amount of symptom magnification at the time of evaluation. She concluded that Mr. Kidd has 0% impairment as a result of his thoracic and lumbar injuries. Dr. Bailey noted that Mr. Kidd had previously been awarded for his lumbar and thoracic complaints and stated that he has been compensated for his normal age-related changes involving his thoracic and lumbar spine. She recommended no additional impairment.

By Order dated May 1, 2017, Mr. Kidd was granted no additional permanent partial disability for his July 11, 2007, lumbar and thoracic strain injury. He protested the claims administrator's decision. In support of his protest, he submitted a July 18, 2017, independent medical evaluation report from Dr. Guberman. Pursuant to the range of motion model, Dr. Guberman assessed Mr. Kidd with 8% impairment for his thoracic spine and 8% for the lumbar spine, from which 4% impairment was to be subtracted for Mr. Kidd's prior lumbar spine injury.

On May 15, 2018, the Office of Judges ordered that the claims administrator's Order of May 1, 2017, be affirmed. The Office of Judges found that a preponderance of credible medical evidence establishes that Mr. Kidd sustained 8% whole person impairment for the combined effects of his compensable low back injury. The Office of Judges reasoned that he is entitled to a 4% permanent partial disability award. However, it was concluded that Mr. Kidd has no more than 5% whole person impairment to his thoracic spine attributable to the compensable injury. Mr. Kidd

3

has already received a 5% permanent partial disability award for his thoracic spine and 4% permanent partial disability for his lumbar spine. Accordingly, the Office of Judges affirmed the claims administrator's May 1, 2017, decision to deny the request for an additional permanent partial disability award. By Order dated October 19, 2018, the Board of Review agreed with the Office of Judges and affirmed the claims administrator's conclusion that Mr. Kidd is not entitled to an additional permanent partial disability award.

After review, we agree with the decision of the Board of Review. The record supports a finding that Mr. Kidd has been fully compensated for his compensable injuries. Dr. Bailey and Dr. Mukkamala performed independent medical evaluations and found no increase in impairment. Mr. Kidd has failed to show that he is entitled to additional permanent partial disability for his thoracic injury of July 11, 2007.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison